
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

MARLON MOORE,

    Defendant - Appellant.

No. 13-10464

D.C. No. 2:12-cr-01335-DGC-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted October 8, 2014
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

 Defendant Marlon Moore appeals from his conviction and sentence for

possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841.

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction and sentence.[1]

Moore argues that the search of his residence was unlawful because his fiancée's consent was coerced. Whether consent is obtained through coercion depends on the totality of the circumstances and is a question of fact that we review for clear error. *United States v. Enslin*, 327 F.3d 788, 792 (9th Cir. 2003). The district court concluded that, although Moore's fiancée surely consented in part to ensure the welfare of her children, her consent was not the result of any forceful, intimidating, or threatening activity by the officers and was ultimately freely given. Under the totality of the circumstances of this case, that factual finding was not clearly erroneous. *See United States v. Patayan Soriano*, 361 F.3d 494, 502-03 (9th Cir. 2003).

Moore also argues that the district court erred in overruling his objection under *Batson v. Kentucky*, 476 U.S. 79 (1986), to the government's use of a peremptory strike of a Hispanic juror. In overruling the *Batson* objection, the district court stated: "I take as a good faith representation from the prosecution team that they saw him putting his head on the bench and appearing not to pay attention. That to me is a non-discriminatory basis for a peremptory strike." The

_____

[1] In a separate opinion contemporaneous with this memorandum, we rejected Moore's argument that the search of his residence was unlawful under *Georgia v. Randolph*, 547 U.S. 103 (2006).

district court thus explicitly "credited the prosecutor's assertion" as to a juror's demeanor. *Snyder v. Louisiana*, 552 U.S. 472, 479 (2008). Such "determinations of credibility and demeanor lie peculiarly within a trial judge's province," and, "in the absence of exceptional circumstances," reviewing courts are to "defer to" the trial court. *Id.* at 477 (internal quotation marks omitted). The trial court's determination here does not represent an "exceptional circumstance," and it was not clearly erroneous.

Moore next argues that the mid-trial disclosure of an interview his fiancée gave to government agents, in which she stated that she had not seen drugs in the house when she left on the morning of January 19, 2012, constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The mid-trial turnover of this interview was not, however, a suppression that "undermines confidence in the outcome of the trial." *United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011). The evidence presented at trial – including the testimony of the officers who entered Moore's residence and discovered all of the marijuana and packing materials and the testimony regarding Moore's confession – was overwhelming that Moore possessed the drugs on January 19, 2012 with an intent to distribute. The fiancée's statement, even if believed, does not refute the government's evidence or support any defense that Moore asserted. Given this "overwhelming evidence," "there is no reasonable probability that the verdict would have been different if the

favorable evidence had been disclosed," and thus no *Brady* violation occurred.  *See*

*United States v. Olsen*, 704 F.3d 1172, 1185 (9th Cir. 2013).

Finally, Moore raises several issues with respect to his sentencing.  Moore argues that the district court erred in its sentencing guideline calculation by including drugs from a prior arrest in September of 2011.  The only evidence of this incident offered at sentencing was a case agent's statement to the probation officer who prepared Moore's Presentence Report.  Hearsay evidence like this may be used in sentencing if it is supported by sufficient indicia of reliability.  U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended by* 992 F.2d 1015 (9th Cir. 1993) ("Due process requires that some minimal indicia of reliability accompany a hearsay statement.").  Here, the case agent's statements regarding the September 2011 arrest were supported by sufficient indicia of reliability. Following his arrest for the present offense, Moore admitted to law enforcement officials that he was in the business of buying and selling marijuana for at least the last three years.  Moore explained that he would buy marijuana for the best price he could obtain from one of his sources, around $550 per pound, and then sell it to his

associates on the East Coast for approximately $900 per pound, shipping the marijuana to them through UPS. In addition, as noted by the district judge, the present offense and the September 2011 incident used similar boxes, similar packing material, and similar quantities. Further, the case agent testified that the vehicles parked in Moore's driveway on January 19, 2012, the date Moore was arrested for the present offense, showed up in his database as being involved in the September 2011 marijuana dropoff. Therefore, the district court did not abuse its discretion in finding the hearsay statements sufficiently reliable to be used at sentencing.

Moore also argues that he was not given a meaningful opportunity to challenge the district court's use of the alleged September 2011 incident, as required by U.S.S.G. § 6A1.3. Section 6A1.3 requires that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." However, the record shows that Moore was given an adequate opportunity to address this factor. He was provided with a copy of the PSR containing the hearsay statements and was able to and did object to the statements contained in the PSR at sentencing. To the extent Moore is arguing that he should have been provided with more discovery related to the September 2011 incident, rather than just the hearsay statements contained in the PSR, section 6A1.3 allows hearsay

evidence to be considered at sentencing provided that it "has sufficient indicia of reliability to support its probable accuracy." As explained above, the hearsay statements at issue possessed a sufficient indicia of reliability.

Next, Moore argues that the district court erred when it denied him a two-level downward adjustment pursuant to the five-factor "safety valve" provision contained in 18 U.S.C. § 3553(f). The parties agree that Moore satisfies the first four safety-valve factors – the only dispute is whether he "truthfully provided to the Government all information and evidence . . . concerning the offense . . . ." 18 U.S.C. § 3553(f)(5); *see also* U.S.S.G. § 5C1.2(a)(5). The district court held that Moore had not met this factor because he had not truthfully provided all of the information he knew concerning the September 2011 arrest. Moore does not argue that the arrest did not occur, nor does he argue that he provided the government with all the information he knew concerning that incident. Thus, the district court did not clearly err when it held that Moore's failure to provide the government with information about this arrest precluded application of the safety-valve. *See United States v. Rangel-Guzman*, 752 F.3d 1222, 1226 (9th Cir. 2014) ("The district court's factual determination that a defendant doesn't qualify for safety-valve relief is reviewed for clear error.").

Finally, Moore argues that the district court erred when it refused to give Moore a two-level downward departure for acceptance of responsibility under

U.S.S.G. § 3E1.1(a). The district court's decision was based on the fact that Moore refused to plead guilty and forced the government to go to trial. "A defendant's right to contest his guilt before a jury is protected by the Constitution, and his decision to do so 'cannot be held against him.'" *United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2013). In this case, however, the entire theory of Moore's case was that the government had failed to meet its burden of proof, as evidenced by the conclusion of Moore's closing argument:

> The Government has to prove this case beyond a reasonable doubt. And they have not done so. They have not shown you whose fingerprints are on this stuff. They have not shown you whose DNA is on this stuff. They've not fingerprinted the boxes or brought the boxes in. They've not ran DNA analysis on the boxes. They've not brought you a recording. They've not put agents who can credibly tell you what was said in that room.

Section 3E1.1 is not designed to apply under these circumstances. *See* U.S.S.G. § 3E1.1, cmt. n.2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). Moreover, the district court's determination on this point is entitled to "great deference" because the "sentencing judge is in a unique position to evaluate" such factors. U.S.S.G. § 3E1.1 cmt. n.5. Thus, on clear error review, the district court did not err when it found Moore was not entitled to a downward departure for acceptance of responsibility. *See United States v. Garrido*, 596 F.3d

613, 617 (9th Cir. 2010) (reviewing for clear error the district court's factual finding as to whether the defendant accepted responsibility).

**AFFIRMED.**[2]

---

[2] On September 14, 2014, Moore filed a motion requesting that the panel remand the action with directions to the district court to determine whether to adjust Moore's sentence in light of Amendment 782. Because Amendment 782 does not become effective until November 1, 2014, the appropriate course is for Moore to file a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) in the district court after Amendment 782 goes into effect. Therefore, Moore's motion is **DENIED**.